UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMARA HEITHCOCK, individually and as next friend of her minor daughter, M.H., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. 3:14-CV-2377 ) Judge Aleta A. Trauger ) |
| TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

Pending before the court is a Motion to Alter, Amend or Set Aside Order of Dismissal ("Motion to Alter") filed by the plaintiff Samara Heithcock ("Heithcock") (Docket No. 36), to which the defendants have filed a Response. (Docket No. 42.) For the following reasons, the motion will be denied.

## BACKGROUND

On August 14, 2015, the court entered a Memorandum and Order ("Motion to Dismiss Order"), in which the court (1) dismissed Heithcock's federal claims against the defendants in their entirety and (2) declined to exercise supplemental jurisdiction over Heithcock's pendant state law claims. (Docket Nos. 34, 35.) The court incorporates herein the factual and legal analyses set forth in the court's Motion to Dismiss Order, familiarity with which is presumed.

On September 11, 2015, Heithcock filed the Motion to Alter, as well as an accompanying Memorandum of Law and Affidavit of Samara Heithcock. (Docket Nos. 36, 37, 40.) On

1

September 28, 2015, at the court's request, the defendants filed a Response. (Docket No. 42.)

**ANALYSIS**

I. **Legal Standard**

Under Rule 59(e), a court may alter or amend a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)*; GenCorp, Inc. v. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, a motion under Rule 59(e) is not a vehicle for presenting new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music*, 477 F.3d at 395; *see also Leisure Caviar*, 616 F.3d at 616 (noting movant "cannot use a Rule 59 motion to raise arguments which could, and should, have been made before judgment issued"); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case."). "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Scotts Co. v. Central Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. 2005) (citation and internal quotation marks omitted).

While the Sixth Circuit has not ruled on the exact definition of "clear error," it has made clear that it is an exacting standard and that a successful Rule 59(e) motion must "clearly establish a manifest error of law." *Roger Miller Music*, 477 F.3d at 395. As one court has described it, "[i]n essence, a [prior] judgment must be 'dead wrong' to qualify as being clearly erroneous." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809-810 (N.D. Ohio 2010).

To constitute "newly discovered evidence," the evidence must have been "previously unavailable." *GenCorp*, 178 F.3d at 834 (citing Charles A. Wright, 11 FEDERAL PRACTICE AND PROCEDURE § 2810.1 at 127–28 (1995)). It is not evidence that was available to the movant before the judgment in question issued, but which the movant did not discover until post judgment. *See id.*; *see also Gritton v. Disponett*, 332 F. App'x 232, 239 (6th Cir. 2009).

Finally, although the "manifest injustice" ground for a Rule 59(e) motion appears to be a catch-all provision, it is not meant to allow a disappointed litigant to attempt to persuade the court to change its mind. *See, e.g., GenCorp*, 178 F.3d at 834. Instead, whether manifest injustice would result from denying a Rule 59(e) motion is, by definition, a fact-specific analysis that falls squarely within the discretionary authority of the court. *Id.* In exercising this discretion, the court should weigh the importance of bringing litigation to a firm conclusion and the need to render fair and just rulings. *Id.*

## II. Heithcock's Arguments

As an initial matter, Heithcock attempts to introduce more detailed factual allegations, through her Affidavit, concerning the events at issue in the Amended Complaint. (*See* Docket No. 39 at pp. 1-2; *see generally* Docket No. 40.) Heithcock appears to argue that these additional facts cut against the court's prior dispositive findings as to the grants of absolute and qualified immunity to defendant social worker Jamila Sugri ("Sugri"), as well as bolster the strength of Heithcock's prior allegation concerning Sugri's purportedly illegal entry of Heithcock's home. (*Id.*) However, it is beyond dispute that the evidence (*i.e.*, statements) contained in the Affidavit was available to Heithcock at the time that the Amended Complaint was drafted and filed (and at the time that the plaintiff responded to the defendant's Motion to Dismiss). Put simply,

3

Heithcock provides no basis, nor can the court ascertain any, to support a finding that these additional details were unavailable to Heithcock prior to the court's judgment.[1] Accordingly, Heithcock's Affidavit does not represent newly discovered evidence and is improper under Federal Rule of Civil Procedure 59(e) for the purposes of the pending motion. *GenCorp*, 178 F.3d at 834.

Next Heithcock argues that the court was wrong to find that Sugri was entitled to absolute testimonial immunity. The primary basis for this argument appears to be, once again, that Sugri was in reality a complaining witness in league with M.H.'s father, and the court improperly characterized her as an independent testifying witness. Heithcock offers several unpersuasive grounds to support this argument. First, Heithcock argues that, because she was not served with M.H.'s father's petition for custody until the day of Sugri's testimony, the court must infer that Sugri was the real complainant that day, not the father. Not only is this allegation as to late service not in the Amended Complaint, it is of no moment. The Amended Complaint explicitly alleged that (1) M.H.'s father's petition was filed on January 21, 2014 (six days before the hearing at which Sugri gave testimony), and (2) the Juvenile Court informed Heithcock of the filing of the petition on January 24, 2014 (three days before the hearing). (*See* Docket No. 8 at ¶¶ 38-39.) Accordingly, M.H.'s father's petition was undisputedly filed and Heithcock had notice of it prior to Sugri's testimony. Moreover, by the representations made in the Motion to Alter, the petition was actually served on Heithcock the day of the hearing. As discussed in the Motion to Dismiss Order, it was this petition that became the subject of the proceedings in which Sugri

---

[1] Heithcock's observation that "the facts of this case are mired in complexity," (*see* Docket No. 39 at p. 1), is not an excuse under the law for failing to make factual allegations or adduce available evidence. Regardless, this characterization is an overstatement.

testified. As the court previously held, this pending petition made Sugri a testimonial witness on January 27, 2014. Indeed, at the time that Sugri testified, there was *no* petition pending that was filed by Sugri or the Department of Children's Services. Only later, as discussed in the Motion to Dismiss Order, did Sugri file a petition on behalf of the Department of Children's Services at the express direction of the Juvenile Court judge (an action for which, as the court explained in the Motion to Dismiss Order, she cannot be held liable).

Heithcock also touches on previously-made arguments that Sugri conspired with M.H.'s father, violated Heithcock's Fourth Amendment rights, and (essentially) manipulated the Juvenile Court. However, as discussed, "[a] motion under Rule 59(e) is not an opportunity to reargue a case." *Sault Ste. Marie Tribe*, 146 F.3d at 374. The court thoroughly addressed these legal issues in its Motion to Dismiss Order. Heithcock merely disagrees with the court's previous evaluation of the allegations in the Amended Complaint and its application of the relevant law. But, aside from referencing her previous arguments, Heithcock identifies no legal authority for the assertion that the court has made a clear error other than *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999). *Spurlock* stands for the proposition that immunity for pre-testimonial acts should be analyzed differently than immunity for testimonial acts – that is, for example, that constitutional wrongs completed out of court by a witness or prosecutor may be actionable, even if they lead to immunized acts in court. *Id.* Indeed, however, the Motion to Dismiss Order is aligned with *Spurlock* in this regard; therein, the court explained that, under Sixth Circuit precedent, Sugri was eligible for (and entitled to) only qualified, not absolute, immunity for her pre-testimonial investigative acts. *Spurlock* does not alter the qualified immunity analysis previously conducted by the court, and Heithcock has offered no argument to

the contrary in the Motion to Alter. (Docket No. 33 at pp. 18-21.)

In sum, Heithcock has not convinced the court that its decisions regarding the application of absolute or qualified immunity were made in clear error or represent a manifest injustice.[2] Accordingly, the court concludes that none of the grounds for granting a motion under Federal Rule of Civil Procedure 59(e) apply here.

## CONCLUSION

The plaintiff's Motion to Alter, Amend or Set Aside Order of Dismissal (Docket No. 36) is **DENIED**.

It is so **ORDERED**.

Enter this 14th day of October 2015.

_____
ALETA A. TRAUGER
United States District Judge

---

[2] Heithcock requests relief in the form of either (1) discovery from the Williamson County Juvenile Court to be presented to this court or (2) reinstatement of this matter and denial of the motion to dismiss. The court finds both requests without merit.